## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| CHESTER PIERRE VEGAS, JR.,           ) | |
|     Plaintiff,                       ) | Civil Action No. 7:20cv00372 |
|                                      ) | |
| v.                                   ) | **MEMORANDUM OPINION** |
|                                      ) | |
| SOUTHWEST REGIONAL JAIL-HAYSI, et al.,) | By: Michael F. Urbanski |
|     Defendants.                      ) | Chief United States District Judge |

Plaintiff Chester Pierre Vegas, Jr., a Virginia inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983, naming the "Southwest Regional Jail Authority" as the only defendant. By order entered July 27, 2020, the court advised Vegas that his complaint failed to state a claim under § 1983 because he failed to explain how the defendant violated his federal rights. The court gave Vegas the opportunity to file an amended complaint. Vegas filed an amended complaint, naming the "Southwest Regional Jail- Haysi" and the "Southwest Regional Jail- Abingdon" as defendants. Vegas alleges that the two jails cancelled two appointments with a neurologist because he "had to pay $300 in advance." Vegas alleges that because his appointments were cancelled, he suffered permanent brain damage. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Because a jail is not a legal entity, it is not a "person" subject to suit under § 1983 and Vegas cannot maintain this action against the defendant jails.[1] See McCoy v. Chesapeake Corr. Ctr., 788

---

[1] The court notes that the Southwest Virginia Regional Jail Authority ("Jail Authority") operates the Haysi and Abingdon facilities referenced in Vegas's amended complaint. Even if the court were to construe Vegas's claims as against the Jail Authority, his claims nevertheless fail. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817-18 (1985).

F. Supp. 890, 894 (E.D. Va. 1992) (a jail "is not an individual, a corporation, a partnership, or an unincorporated association.  Therefore, it lacks the capacity to be sued as a jail."). Accordingly, the court will dismiss Vegas's complaint without prejudice pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

      **ENTER**: This 14th day of August, 2020.

                                                                 Michael F. Urbanski
                                                                 Chief United States District Judge

---

Although a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In this case, Vegas does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered, and therefore, Vegas has failed to state a claim against the Jail Authority.

      The court notes that nothing in this opinion precludes Vegas from bringing a more detailed action against any individuals who may have violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.